Argued and submitted January 13, affirmed April 22, reconsideration denied June 24, petition for review denied August 25, 1992 (314 Or 175)

Thelma F. BRAY,
David R. Webster and Jean A. Webster,
*Respondents,*

*v.*

Jill A. PFEIFER,
*Respondent,*

*and*

FUJI HEAVY INDUSTRIES, INC.;
Subaru of America Operations, Corp.,
dba Subaru of America, Inc.;
L.B. Northwest, Inc.; L.B. Industries, Inc.;
and Thomas Sales and Service, Inc.,
*Appellants,*

*and*

FRANKLIN EQUITY LEASING, CO.,
*Defendant.*

(16-89-03660)

Judith MOORE,
Ruben G. Moore and Carolyn Clare Moore,
·*Respondents,*

*v.*

Jill A. PFEIFER,
*Respondent,*

*and*

FUJI HEAVY INDUSTRIES, INC.;
Subaru of America Operations, Corp.,
dba Subaru of America, Inc.;
L.B. Northwest, Inc.; L.B. Industries, Inc.;
and Thomas Sales and Service, Inc.,
*Appellants,*

*and*
FRANKLIN EQUITY LEASING, CO.,
*Defendant.*

(16-90-01032; CA A67894)

829 P2d 730

Phillip D. Chadsey, Portland, argued the cause for appellants. With him on the brief were Charles F. Adams and Stoel Rives Boley Jones & Grey, Portland.

John B. Arnold, Eugene, argued the cause for respondents Thelma F. Bray, David R. Webster and Jean A. Webster. Thomas E. Wurtz, Springfield, argued the cause for respondents Judith Moore, Ruben G. Moore, and Carolyn Clare Moore. With them on the brief were Jens Schmidt and Harrang Long Watkinson Arnold & Laird, P.C., Eugene, and Wurtz Logan & Logan, Springfield.

No appearance for respondent Jill A. Pfeifer.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs in these consolidated actions were injured in collisions between the vehicles in which they were riding and a Subaru station wagon driven by defendant Pfeifer (Pfeifer). They brought these actions against her, alleging negligence, and against the defendant manufacturer and distributors (defendants) of her car. Plaintiffs allege that the Subaru contained a manufacturing defect, which resulted in the steering assembly coming apart while Pfeifer was driving and caused the accident. The jury found for plaintiffs against Pfeifer and defendants. Defendants appeal and assign error to the denial of their motion for a directed verdict. We affirm.

Plaintiffs and Pfeifer, among them, offered the testimony of three experts who based their opinions in part on Pfeifer's testimony concerning her loss of control of the steering mechanism and the car. The combined purport of their testimony was that what Pfeiffer described is what would have happened if the steering assembly had become disconnected, that the assembly was loose before the accident and that it came apart while she was driving and caused the accident. Defendants' expert testified that the assembly was secured by two bolts, one of which was still tightly fastened after the accident, and that that fact was inconsistent with the assembly becoming disconnected before the accident.

Defendants argue, first,

> "that there was no evidence to support the plaintiffs' and co-defendant's experts' testimony that the parts had separated and caused the accident. Their testimony was speculation, based on accepting co-defendant Pfeifer's testimony that she felt no steering response. On the other hand the undisputed physical facts based on [defendants' expert's] test showed that the parts could not have separated if only the one bolt was loose."

Although defendants argue strenuously that the opposing experts could not take Pfeifer's testimony into account in forming their opinions, they did not object to that foundation. More to the point, they cite no controlling Oregon authority and no persuasive authority from elsewhere to support their view that, in forming an opinion about why an event happened, an expert cannot consider the testimony of a

participant in the event that describes what happened. No authority need be cited to reject that proposition.

Defendants' characterization of their expert's testimony as a source of undisputed facts does not assist them. It *may* be that there was no dispute as to whether one of the bolts was secure. However, the only basis for concluding that that made disconnection impossible was defendants' expert's testimony, which was contradicted by the other experts. Defendants' argument to us comes to nothing more than a repetition of their jury argument that their expert should have been believed.

■     Defendants also contend that a verdict for them should have been directed, because there was evidence that, before the collision with the other vehicles, Pfeifer's car swerved back and forth between the left and right sides of the road. Defendants maintain that that could not have happened "if the steering was disconnected and the driver was not able to steer [the vehicle]." They explain:

> "Newton's first law of motion is that every object continues in a state of motion at a constant speed along a straight line unless acted upon by some outside force."

Defendants are incorrect. There was expert testimony from which the jury could infer that the very fact that Pfeifer could not control the steering system was what caused the erratic motion. That and other evidence supported a finding, to which the jurors' common sense could also well lead them, that a car that is out of control will not necessarily go in a straight line.

Affirmed.